IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Michael Lenoir Smith, | ) | No. 1:07-CV-1547-PHX-SRB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Schwarzenegger, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff has filed a Motion and Request for the Appointment of Counsel. There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

The Court finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time. Plaintiff is in no different a position than other *pro se*

litigants who have brought similar claims. Moreover, "likelihood of success" cannot be evaluated at this time. Plaintiff's First Amended Complaint was dismissed for failure to state a claim with leave to amend to attempt to cure the identified deficiencies. The Second Amended Complaint was filed February 27, 2009 and has yet been screened. Therefore at this stage of the case it is not clear whether any of Plaintiff's claims will survive and certainly no determination of likely success.

IT IS ORDERED denying Plaintiff's Motion and Request for Appointment of Counsel. (Doc. 22).

DATED this 25th day of March, 2009.

_____
Susan R. Bolton
United States District Judge