KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Michael Lenoir Smith, | ) | No. CV 1-07-1547-SRB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arnold Schwarzenegger, et al., | ) | |
| Defendants. | ) | |

Plaintiff Michael Lenoir Smith, who is confined in the Kern Valley State Prison in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and later filed an Amended Complaint (Doc. #4). On February 9, 2009, the Court dismissed the Amended Complaint with leave to amend. On February 27, 2009, Plaintiff filed a Second Amended Complaint (Doc. #21). The Court will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Amended Complaint

Plaintiff names the following Defendants in the Second Amended Complaint: California Governor Arnold Schwarzenegger; Unknown California Department of Corrections and Rehabilitation (CDCR) Secretary; Unknown Undersecretary of CDCR; all Wardens of Endemic CDCR prisons; all Chief Medical Officers at each California State Prison located in the endemic area; the California Correctional Peace Officers' Association; the California State Senate; the California Department of Corrections and Rehabilitation; State of California; Chief Medical Officer Felix Igbinosa; Pleasant Valley State Prison (PVSP) Warden Yates; Federal Medical Receiver Robert Sillen; CDCR Regional Medical Director Dr. Elena Tootell; and Chief Deputy Secretary of Facilities and Planning Deborah Hysen.

Plaintiff raises three grounds for relief:
(1) Plaintiff and other inmates are held in prisons located in the San Joaquin Valley where they are subjected to the risk of contracting valley fever, in violation of the Eighth Amendment;
(2) Inmates are given experimental drugs for the treatment of valley fever, in violation of the Eighth Amendment; and
(3) Inmates with hepatitis C or other liver conditions are not treated for valley fever and are therefore more susceptible to death from the disease.

Plaintiff seeks injunctive relief and money damages.

## III. Class Action and Failure to Assert Own Rights in Counts II and III

Plaintiff purports to bring his lawsuit on behalf of himself and similarly situated inmates. Plaintiff is not an attorney. Accordingly, although Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear as an attorney for other persons in a purported class action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a

layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

Further, a "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). In Count II and III, Plaintiff alleges that other inmates are receiving experimental medication for valley fever and that some inmates are not eligible for valley fever treatment due to pre-existing liver illnesses. Plaintiff does not allege that he has valley fever, that he has been given experimental medication, or that he is denied medical treatment because of pre-existing medical conditions. Because Plaintiff has not asserted his own legal rights and interests in Counts II and III, the Court will dismiss those Counts for failure to state a claim.

**IV.     Failure to State a Claim–Count I**

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. Id. This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).

Moreover, to obtain injunctive relief, a Plaintiff must show "that he is likely to suffer

irreparable harm in the absence of . . . relief." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). "Speculative injury does not constitute irreparable injury." Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984).

In this case, Plaintiff has failed to allege facts that demonstrate first that Defendants were deliberately indifferent to a serious risk to his health, and second that he is likely to suffer irreparable injury. Plaintiff claims that during his incarceration in CDCR he has been housed in prisons located in areas where valley fever is known to be present. Plaintiff further alleges that he is African American and therefore more susceptible to contracting valley fever. Plaintiff does not allege that he has actually contracted valley fever or that Defendants have failed to treat his illness.

Plaintiff has failed to show that any of the named Defendants were deliberately indifferent to a serious risk of harm to Plaintiff's health. Plaintiff does not allege that Defendants were aware of a particular threat to Plaintiff's health or that Plaintiff has been harmed as the result of Defendants' actions or failure to act. Plaintiff alleges only that Defendants are aware of the general presence of valley fever in the areas in which Plaintiff is housed and that Plaintiff may contract valley fever. This is insufficient to establish an Eighth Amendment violation.

Moreover, Plaintiff's allegations are insufficient to obtain the injunctive relief he seeks because he has alleged only speculative injury. That Plaintiff may contract valley fever and may at some future suffer from the effects of the disease does not constitute irreparable injury.

The Court will therefore dismiss Count I for failure to state a claim.

**V.  Dismissal without Leave to Amend**

As no claims now remain, the Court will dismiss the Second Amended Complaint and this action. Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has

previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. The Court has reviewed the Second Amended Complaint and finds that further amendment of Plaintiff's claims would be futile. The Court will therefore dismiss the Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Second Amended Complaint (Doc. #21) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 30th day of March, 2009.

_____
Susan R. Bolton
United States District Judge