**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |
|---|---|
| Michael Lenoir Smith,<br><br>    Plaintiff,<br><br>vs.<br><br>Arnold Schwarzenegger, et al.,<br><br>    Defendants. | No. CV 1-07-1547-SRB<br><br>**ORDER** |

At issue is Defendant Martinez's Notice of Motion and Motion for Reconsideration of July 23, 2013 Order, ECF No. 90. (Doc. 91, Mot. For Recons.)

**I.    BACKGROUND**

Plaintiff, proceeding pro se, is an inmate incarcerated in the custody of the California State Prison, Corcoran. On October 15, 2010, Plaintiff filed a Third Amended Complaint asserting a violation of civil rights under 42 U.S.C. § 1983. (Doc.33, Civil Rights Complaint by a Prisoner, Third Am. Compl.) Plaintiff asserted a violation of the Eighth Amendment claiming that in March 2006, he was transferred to the Pleasant Valley State Prison ("PVSP") but was not notified that the prison was located in an area known as an endemic area for contracting coccidioidomycosis, also know as valley fever. (*Id.* at 4.) Plaintiff alleged that while at PVSP between March 2006 and October 2008, he filed grievances asserting that he was being exposed to contracting valley fever and requesting a transfer but prison officials

either failed to respond or ignored his grievances. (*Id.* at 8-9.) Plaintiff more specifically alleged in the Third Amended Complaint:

> On one occasion Plaintiff submitted a properly filed grievance complaining about being subjected to Valley Fever as an African-American inmate because the disease especially [a]ffects] African-Americans and Filipinos, going on to state that Plaintiff has tuberculosis. On the Informal Level, said appeal was "Denied. Pt. doesn't meet criteria for medical transfer." Said appeal response was submitted on October 29, 2007 and responded to on 12/06/07 by an unknown entity who scribbled a signature not identifiable. Dissatisfied with the appeal response, Plaintiff resubmitted said appeal/grievance to the Formal Level where it was denied again on 2/08/08 by D. Coleman, Nurse Practitioner . . . Plaintiff was dissatisfied and submitted a properly filed grievance to the second level of review and said grievance was screened out by Appeals Coordinator H. Martinez stating "you are appealing an action or decision that has not yet occurred. Such issues are not appealable until they happen. You cannot appeal on an anticipated action." The grievance was allowed to go forward up until it arrived at the Warden's Level/Second Level only to be screened out by Defendant H. Martinez who requires that Plaintiff actually contracts the disease before receiving relief from exposure. Said response was dated March 11, 2008 with log number 08-00013[.]

(*Id.* at 15.)

The Court issued a screening Order on October 25, 2010, dismissing the claim as to Martinez, stating as follows:

> Plaintiff alleges that Defendants Coleman and Martinez denied his grievance relating to CDCR's refusal to grant him a medical transfer to another facility. The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Court will therefore dismiss Defendants Coleman and Martinez.

(Doc. 35, Oct. 25, 2010, Order at 4.)

On September 7, 2012, Plaintiff filed a Fourth Amended Complaint asserting a claim based on a violation of the Eighth Amendment that included allegations related to the grievances that he filed while at PVSP. (Doc. 64, Fourth Am. Compl.) Plaintiff alleged in the Fourth Amended Complaint that he contracted valley fever but that he could not take the valley fever medication because he has hepatitis C. (*Id.* at 10.) Plaintiff alleged that Defendant prison officials were aware of the severe risk to his health by housing him in the facility but acted with deliberate indifference to the risk and his medical needs by failing to

- 2 -

1  transfer him. (*Id.* at 8-12, 14.) Plaintiff alleged that he submitted a grievance complaining
2  that he was being exposed to valley fever and requested a transfer but his grievance was
3  "screened out" by the Appeals Coordinator for the stated reason that "you cannot grieve an
4  issue that has not occurred." (*Id.* at 5, 8.) Plaintiff named as a defendant "John Doe, Appeals
5  Coordinator" at the Pleasant Valley facility and this "John Doe" defendant has been identified
6  as H. Martinez. (*Id.* at 3, 14; Doc. 70, Jan. 7, 2013, Order at 2.) With respect to Defendant
7  Martinez, Plaintiff alleged in the Fourth Amended Complaint:

> John Doe, Appeals Coordinator at PVSP by screening out Plaintiff's 602 Administrative grievance, contending that Plaintiff was required to contract Valley Fever prior to obtaining relief from contracting Valley Fever, had a duty to process Plaintiff's 602 Administrative Grievance but failed to do so and thereby omitted the duty to process a legitimate, properly submitted 602 Administrative Grievance, said attempt legitimized by the fact that Plaintiff has now contracted Valley Fever.

(Fourth Am. Compl. at 14.)

On November 29, 2012, the Court filed a screening Order finding that Plaintiff had adequately stated an Eighth Amendment claim as to John Doe Appeals Coordinator. (Doc. 65, Nov. 29, 2012, Order at 6.) The Court found Plaintiff's allegations sufficient to state a claim for relief:

> Plaintiff further claims that while housed at the Pleasant Valley State Prison, he filed a grievance regarding his susceptibility to valley fever and requesting a transfer, but that Defendant Appeals Coordinator was deliberately indifferent to a risk to Plaintiff's health when he informed Plaintiff that he would not process the grievance unless Plaintiff had already contracted valley fever. Plaintiff claims that Defendant Appeals Coordinator's refusal to process the grievance hindered his ability to grieve the issue at any of his later housing assignments.

(*Id.*)

On May 15, 2013, Defendant Martinez filed a Motion to Dismiss Plaintiff's Fourth Amended Complaint ("MTD") which the Court denied on July 23, 2013. (Doc. 86, Def.'s MTD; Doc. 90, Jul. 23, 2013, Order at 2-3.) The Court noted that it had previously screened Plaintiff's Fourth Amended Complaint under 28 U.S.C. § 1915A, which uses the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure, and had determined that

1  Plaintiff had asserted the claim "with enough specificity to require an answer." (*Id.* a 2-3.)

2  **II.     LEGAL STANDARDS AND ANALYSIS**

3        Defendant Martinez moves for reconsideration of the Court's Order denying the Motion to Dismiss. (Mot. For Recons.) Defendant argues that Plaintiff's allegations in the Third and Fourth Amended Complaints involving Defendant's alleged action in screening out Plaintiff's grievances are virtually the same and that the Court reached the correct result when it dismissed the claim that was asserted in the Third Amended Complaint. (*Id.* at 4.) Defendant contends that the Court erred when it denied the Motion to Dismiss the claim asserted in the Fourth Amended Complaint because there is established authority that an inmate is not deprived of any constitutional right when a prison official denies, screens out or ignores an inmate's grievance.

      Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Rather, reconsideration is appropriate only "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent a manifest injustice." *Navajo Nation v. Confederated Tribes of Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably be raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

      Defendant is asserting the same argument and authority that the Court previously considered when it denied Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint. (MTD at 4-5; Mot. For Recons. at 3-5.) That is not a sufficient ground for granting reconsideration. Plaintiff asserts in the Fourth Amended Complaint that he notified prison officials of the substantial risk to his future health but he was deliberately ignored, that

- 4 -

1  he has consistently been housed in the endemic area since 2006, and that prison officials'
2  unwillingness to protect him when he submitted his grievance shows a deliberate state of
3  mind. (Fourth Am. Comp. at 10-12.)  The high incidence of valley fever at PVSP since 2005
4  was recently recognized in *Plata v. Brown*, No. C01-1351 TEH, 2013 WL 3200587, at *2-3,
5  10 (N. D. Cal. Jun. 24, 2013) ("it would be impossible to conclude that a disease [valley
6  fever] that, in its severe form, could lead to death does not present a risk of serious harm.").
7  A prisoner states a claim for a violation of the Eighth Amendment by asserting that the
8  defendant "'knows that inmates face a substantial risk of serious harm and disregards that
9  risk by failing to take reasonable measures to abate it.'" *Id*. (quoting *Farmer v. Brennan*, 511
10 U.S. 825, 847 (1994)).

**IT IS ORDERED** denying Defendant Martinez's Motion for Reconsideration of July 23, 2013 Order, ECF No. 90 (Doc. 91).

DATED this 14th day of August, 2013.

_____
Susan R. Bolton
United States District Judge