**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Michael Lenoir Smith, ) | No. CV 1-07-1547-SRB |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| ) | |
| Arnold Schwarzenegger, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

At issue are Plaintiff's Declaration in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, which is considered as a Motion for Preliminary Injunction ("Pl.'s Mot."), and Defendants' Motion to Strike Plaintiff's Sur-Reply ("Defs.' Mot.") (Doc. 85, Pl.'s Mot.; Doc. 104, Defs.' Mot.).

**I.     BACKGROUND**

Plaintiff, proceeding pro se, is an inmate incarcerated in the custody of the California State Prison, Corcoran. Plaintiff has filed a Fourth Amended Complaint asserting a violation of civil rights under 42 U.S.C. § 1983. (Doc. 64, Civil Rights Complaint by a Prisoner ("Fourth Am. Compl.").) Plaintiff alleges that in March 2006 he was transferred to the Pleasant Valley State Prison ("PVSP") but that he was not notified that the prison was located in an area known as endemic for contracting coccidioidomycosis (cocci), also known as valley fever. (*Id.* at 5.) Plaintiff contends that he filed grievances asserting that he was

being exposed to contracting valley fever and requesting a transfer out of the San Joaquin Valley, that prison officials either failed to respond or ignored his grievances, and that he now has contracted valley fever. (*Id.* at 5, 8, 10; Pl.'s Mot. ¶¶ 2, 4; Doc. 85, Pl.'s Mem. In Supp. of Mot. for Preliminary Injunction ("Pl.'s Mem."), Ex. A, Coccidioidal Serology Report; Ex. D, Inmate/Parolee Appeal Form.) Plaintiff asserts a violation of the Eighth Amendment claiming that Defendant prison officials were aware of the severe risk to his health by housing him in the facility but acted with deliberate indifference to the risk and his medical needs by failing to transfer him. (Fourth Am. Compl. at 8-12.)

## II. LEGAL STANDARDS AND ANALYSIS

### A. Defendants' Motion to Strike

After Defendants filed their Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff filed a Reply to Defendants' Opposition ("Pl.'s Reply") on August 19, 2013 and a Supplemental Reply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for T.R.O. and Preliminary Injunction ("Pl.'s Supplemental Reply") on August 26, 2013. (Doc. 101, Pl.'s Reply; Doc. 102, Pl.'s Supplemental Reply.) Defendants move to strike Plaintiff's Supplemental Reply, which they refer to as a "sur-reply," because it is not an authorized filing. (Defs.' Mot. at 1-2.)

Local Rule 230(l) of the Eastern District of California authorizes in prisoner actions the filing of a motion, an opposition, and a reply. A supplemental reply is not authorized by the Court's Local Rules or the Federal Rules of Civil Procedure. Defendants' Motion to Strike is granted.

### B. Plaintiff's Motion for a Preliminary Injunction

Rule 65(a) of the Federal Rules of Civil Procedure provides that the court may issue a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

1      In moving for a preliminary injunction, Plaintiff contends that valley fever is a
2 lifelong incurable disease and that, as an African American, he is susceptible to contracting
3 the disease in its most serious and fatal form. (Pl.'s Mot. ¶¶ 9, 11-13.) Plaintiff contends that
4 by maintaining his confinement in the San Joaquin Valley prison facility, prison officials are
5 attempting to murder him. (*Id.* ¶ 14.) Plaintiff seeks a preliminary injunction that directs
6 prison officials to transfer him out of the San Joaquin Valley prison facility to insure that he
7 is not reinfected with the more serious form of the disease. (Pl.'s Mot. ¶ 1; Pl.'s Mem. at p.
8 2.)

9      Defendants argue that a preliminary injunction should not issue because Plaintiff
10 cannot show irreparable harm. (Doc. 92, Defs.' Opp'n to Pl.'s Mot. at 2-3.) Defendants
11 contend that individuals with a prior history of coccidioidomycosis are immune to
12 subsequent infection and are not in need of placement at another facility. (*Id.*)

13      Plaintiff responds that he has hepatitis C and cannot receive treatment for the valley
14 fever disease. (Pl.'s Reply at 3.)

15      Defendants refer to the Order entered in *Plata v. Brown*, No. C01-1351 TEH, N. D.
16 Cal. June 24, 2013 ("*Plata* Order"), in which the district court considered the relocation and
17 placement of inmates at two California prison facilities, including PVSP, that have
18 exceedingly high rates of infection. The district court ruled that persons subject to being
19 exempted from transfer included inmates who have been previously diagnosed with the
20 disease:

21 > 'Individuals with a prior history of cocci are immune to subsequent infection,' Expert Report at 2, so any such individuals need not be transferred or excluded
22 > from the affected institutions. However, time spent in the hyperendemic region alone is not a sufficient criteria because 'without a skin test, it is impossible to
23 > accurately determine if a specific individual has acquired immunity. For this reason, using time as a criterion for exclusion is not safe.' *Id.* at 12. If a
24 > licensed skin test becomes available, the Receiver should consider using that test as part of the exclusionary criteria. Until such a test is available, the only
25 > individuals who would otherwise be subject to the exclusion policy who should be exempt from transfer or exclusion are those who have previously
26 > been diagnosed with cocci.

27 (*Plata* Order at 23.) The *Plata* Order states that "[i]nmates who have previously been
28 diagnosed with cocci shall be exempt from exclusion." (*Id.* at 24.) Based on the *Plata* Order,

- 3 -

and as a person who has been diagnosed with valley fever, Plaintiff is not subject to transfer to another facility. Plaintiff has not made a sufficient showing for the issuance of a preliminary injunction.

### III.  CONCLUSION

Plaintiff's Supplemental Reply is not an authorized filing and is stricken from the record. Plaintiff has not shown sufficient reasons for a preliminary injunction.

**IT IS ORDERED** granting Defendants' Motion to Strike Plaintiff's Sur-Reply (Doc. 104). The Clerk shall strike Plaintiff's Supplemental Reply to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for T.R.O. and Preliminary Injunction (Doc. 102).

**IT IS FURTHER ORDERED** denying Plaintiff's Declaration in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction which has been considered as a Motion for Preliminary Injunction (Doc. 85).

DATED this 12th day of September, 2013.

_____
Susan R. Bolton
United States District Judge