NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Michael Lenoir Smith,<br><br>   Plaintiff,<br><br>v.<br><br>Arnold Schwarzenegger, et al.,<br><br>   Defendants. | No. 07-cv-1547 SRB (PC)<br><br>**ORDER** |

  The Court now considers three motions pending in this lawsuit—Defendants' Motion to Dismiss Plaintiff's Complaint ("MTD") (Doc. 129) and Plaintiff's Second Motion and Notification for Court Order for Access to the Court ("MAC") (Doc. 126) and Motion for Court and D.O.J. to Comply with Sacramento County Jail's Legal Mail Rules ("MTC") (Doc. 132).

**I. BACKGROUND**

  The Court has summarized the facts of this case in several previous Orders, which are incorporated herein. (*See, e.g.*, Doc. 20, Feb. 9, 2009 Order; Doc. 24, Mar. 31, 2009 Order; Doc. 65, Nov. 29, 2012 Order; Doc. 90, July 23, 2013 Order.) This lawsuit stems from events occurring when Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, which is located in San Joaquin Valley, an endemic area for valley fever. (*See* Doc. 64, Fourth Am. Compl. at 5.)[1] In the Fourth Amended

---

[1] Plaintiff's assigned place of incarceration is at Corcoran State Prison in Corcoran, California. (Doc. 94, Notice of Change of Address.) He is presently confined

Complaint,

> Plaintiff alleges that his Eighth Amendment rights were violated when he was housed in an area with a known valley fever epidemic. Plaintiff alleges that he is particularly susceptible to valley fever because he is African-American and has tuberculosis and hepatitis C. Plaintiff further states that he was recently informed that he has now contracted valley fever and that because of his hepatitis C, he cannot take the valley fever medication. Plaintiff claims that Defendants were aware of the severe risk to his health that results from housing him in this area, but failed to transfer him to another facility. Plaintiff seeks injunctive relief and money damages.

(Nov. 29, 2012 Order at 3.) In screening the Fourth Amended Complaint under the very liberal pleading standards applied to pro se filings, the Court found that Plaintiff had adequately stated a claim for an Eighth Amendment violation against Defendants Matthew Cate (former secretary of the California Department of Corrections and Rehabilitation ("CDCR")), H. Martinez (appeals coordinator at PVSP), James Yates (former warden at PVSP), and Jeanie Woodford (former secretary of CDCR).[2] (*See id.* at 6-7.) (When the Court issued the screening order, the Fourth Amended Complaint referred to Defendant Martinez using an anonymous appellation (i.e., an unnamed "Doe" defendant). He was later added in the lawsuit as a named defendant. (*See* Doc. 70, Jan. 7, 2013 Order at 3).)

### A. Defendants' Motion to Dismiss Fourth Amended Complaint

Defendants Cate, Martinez, and Yates move to dismiss the Fourth Amended Complaint on grounds that they are entitled to qualified immunity because it was not "clearly established" that high-risk inmates should be removed from geographical areas in which valley fever is endemic in California. (*See* MTD at 4-6.) If these defendants are entitled to qualified immunity, they will be dismissed from the lawsuit because none of them have authority to transfer Plaintiff to a prison outside the San Joaquin Valley, which

in a Sacramento County jail awaiting a court appearance.

---

[2] Plaintiff complied with the Court's instruction to submit the appropriate paperwork to have the U.S. Marshal serve Defendant Woodford. (*See* Doc. 71, Jan. 7, 2013 Order.) Defendant Woodford has not appeared in this lawsuit and there is no indication in the record whether the U.S. Marshal personally served her.

is the injunctive relief Plaintiff seeks in the Fourth Amended Complaint. *See Am. Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991) ("'Qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief.'" (quoting *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir. 1989))). Because the Court has already found that Plaintiff adequately stated a claim for an Eighth Amendment violation based on allegations that he was not transferred out of PVSP as a high-risk inmate susceptible to valley fever, the analysis here is limited to whether that constitutional right was clearly established when he was housed at PVSP from 2006-2008. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("[I]f a [constitutional] violation could be made out on a favorable view of the parties' submissions, the next . . . step is to ask whether the right was clearly established."); *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful" (internal quotation marks omitted)). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Another court in this district has addressed the scope of qualified immunity applied to substantially similar claims of valley fever exposure at PVSP. *See Jackson v. California*, No. 1:13-CV-01055-LJO, 2014 WL 670104, at *11-13 (E.D. Cal. Feb. 20, 2014), *report and recommendation adopted as modified*, No. 1:13-CV-01055-LJO-SA, 2014 WL 931800 (E.D. Cal. Mar. 10, 2014) (addressing claims that certain populations at-risk for contracting valley fever (including "African-Americans, individuals over the age of 55, or immune compromised prisoners") had a constitutional right to be removed from PVSP and one other prison in the San Joaquin Valley). The court rejected the defendant prison officials' argument that the law did not clearly establish that such at-risk populations had a constitutional right to be excluded from those prisons—the exact argument Defendants make here. *Id.* at *12. The court noted, "It is well established that

prison officials who are aware that inmates face a substantial risk of serious harm, violate the Eighth Amendment by disregarding that risk and failing to take reasonable measures to abate it." *Id.* After citing various U.S. Supreme Court and Ninth Circuit cases addressing "unsafe prison conditions" in the context of exposure cases, the court found "[t]he law was sufficiently clear prior to the claims raised here that if prison officials are aware that certain inmates are at a significantly higher risk of contracting a disease based upon identifiable criteria, it would be deliberate indifference to fail to take action to protect those inmates." *Id.* at *13.

The Court agrees with the analysis in that case. In *Helling v. McKinney*, 509 U.S. 25 (1993), the U.S. Supreme Court made clear that prison officials can be held liable for constitutional deprivations stemming from environmental harms, such as exposure to second-hand smoke. *Id.* at 36 (indicating in second-hand smoke case that a risk is intolerable under the Eighth Amendment when it violates contemporary standards of decency to expose anyone unwillingly to it). Although that case did not apply specifically to valley fever, the law does not require identical fact patterns for a constitutional right to be clearly established. *See Mattos v. Agarano*, 661 F.3d 433, 442 (9th Cir. 2011) ("The Supreme Court has made 'clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances.'" (quoting *Hope*, 536 U.S. at 741)). Indeed, the Ninth Circuit has citing approvingly to *Helling* as an example of law that identifies at what point the risk of future harm is sufficiently substantial, a focal part of the deliberate indifference standard. *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1051 (9th Cir. 2002).

Defendants have not cited *Helling* in their briefing or made any attempt to counter Plaintiff's argument that the law post-*Helling* was sufficiently clear under the qualified immunity analysis. (Defendants have not replied to arguments made in Plaintiff's Response to the Motion (Doc. 131).) Defendants instead argue that "[i]n 2008, it was not clearly established that African-American inmates who were not immunocompromised

- 4 -

had a higher risk of contracting a serious form of [v]alley [f]ever." (MTD at 5 (collecting cases).) This argument improperly conflates the qualified immunity and the Eighth Amendment analyses. *See Estate of Ford*, 301 F.3d at 1049 ("[T]he qualified immunity inquiry is separate from the constitutional inquiry."). Whether Defendants knew that non-White inmates had a higher risk of contracting valley fever helps resolve the liability issue under the deliberate indifference standard, not the much different issue of what law existed when the purported unlawful conduct occurred. The Court therefore concludes that Defendants are not entitled to qualified immunity and denies their Motion to Dismiss.

### B. Plaintiff's Second Motion and Notification for Court Order for Access to the Court

Plaintiff requests a court order that will afford him a reasonable amount of time to use the law library in the Sacramento County jail. (MAC at 1-5.)[3] He contends that he cannot adequately represent himself in this case without such law library access. (*Id.*) According to the Motion, the Sacramento County jail has denied him access to the inmate law library purportedly on grounds that jail policies only permit criminal pro se litigants, not civil pro se litigants, to use the law library. (*Id.* at 1-2.) The Court cannot consider this Motion because it seeks relief against non-parties to this lawsuit.

### C. Plaintiff's Motion for Court and D.O.J. to Comply with Sacramento County Jail's Legal Mail Rules

Plaintiff also requests a court order requiring all future mailings to him in jail from the Court and the California Attorney General's Office (Defendants' counsel) be labeled as "legal mail." (MTC at 1-2.)[4] Under the jail policies, the "legal mail" label signals to

---

[3] Plaintiff asserts that the Court has not ruled on a previous motion requesting jail law library access. (*Id.* at 2.) He is apparently referring to a request for library access that was buried in his response to a prior motion to dismiss. (*See* Doc. 119, Pl.'s Mot. in Opp'n to Dismissal at 1.) The Court did not consider that request because it was not made as a procedurally proper motion.

[4] The Office of the Attorney General in California is part of the State of California's Department of Justice, which is what Plaintiff is referring to when he is using the "D.O.J." abbreviation (not to be confused with the U.S. Department of Justice).

jail staff that they can only open and inspect mail for contraband and not read it. (*Id.*, Operations Order – Prisoner Correspondence at 4-7.) Citing *Wolff v. McDonnell*, 418 U.S. 539 (1974), Plaintiff claims that such a protocol is necessary to prevent constitutional violations to his "procedural due process rights" because jail staff have and will continue to open what he calls privileged legal correspondence sent from those sources. (MTC at 2.) The Court will not issue such an order. The court orders and other public documents sent to Plaintiff do not constitute "legal mail" entitled to the constitutional protections Plaintiff identifies in *Wolff. See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."). Mail from *opposing counsel* in the California Attorney General's Office also does not constitute "legal mail." Confidential mail sent in an attorney-client relationship triggers protections and no attorney-client relationship exists between the parties. *See id.*; *see also Nordstrom v. Ryan*, 762 F.3d 903, 909-12 (9th Cir. 2014) (reversing the district court and remanding on the grounds that an inmate stated a claim that his Sixth Amendment rights had been violated when prison officials read mail directed to him from *his legal counsel*). The Court denies this Motion.

**IT IS ORDERED** denying Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 129).

**IT IS FURTHER ORDERED** denying Plaintiff's Second Motion and Notification for Court Order for Access to the Court (Doc. 126).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Court and D.O.J. to Comply with Sacramento County Jail's Legal Mail Rules (Doc. 132).

Dated this 7th day of January, 2015.

_____
Susan R. Bolton
United States District Judge