IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESON DIVISION

| | |
|---|---|
| Michael Lenoir Smith,<br><br>  Plaintiff,<br><br>v.<br><br>Arnold Schwarzenegger, et al.,<br><br>  Defendants. | 1:07-cv-1547 SRB (PC)<br><br>**ORDER** |

On April 20, 2015, Defendants filed a Motion for Summary Judgment. Because Plaintiff is acting pro se in this matter, the Court advises Plaintiff of the following:

**NOTICE — WARNING TO PLAINTIFF**

Defendants' Motion for Summary Judgment seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a) and on the merits. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as

- 1 -

a matter of law, which will end your case. Because Defendants seek summary judgment based on your failure to exhaust prison administrative remedies, if Defendants produce admissible evidence demonstrating that you failed to exhaust available administrative remedies, your complaint will be dismissed without prejudice unless your response to Defendants' motion includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses, and sworn declarations.

Additionally, when a party you are suing makes a motion for summary judgment on the merits that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says to oppose that motion. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

In accordance with Local Rule 260(a), Defendants have filed a Statement of Undisputed Facts that contains discrete, specific materials facts to support their entitlement to summary judgment. In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." You may also "file a concise Statement of Disputed Facts, and the source thereof in the

record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." *Id.* You are responsible for filing all evidentiary documents cited in the opposing papers. *Id.* If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."

### RULE 230(l) CAUTIONARY NOTICE

Local Rule of Civil Procedure 230(l) states in relevant part that "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *See also Brydges v. Lewis,* 18 F.3d 651, 652 (9th Cir. 1994). Plaintiff should take notice that the Court will interpret the failure to respond to Defendants' Motion by the deadline set forth in this Order as consent to the Motion. *See id.* at 652 (affirming the district court's summary granting of a motion for summary judgment under local rule when non-moving party was given express warning of consequences of failing to respond).

It is Plaintiff's obligation to timely respond to all motions. Defendants' Motion will be summarily granted if Plaintiff fails to respond in accordance with the provisions of this Order.

### RULE 41 CAUTIONARY NOTICE

Plaintiff should also take notice that the failure to timely comply with every provision of this Order, or any other order entered in this matter, may result in the dismissal of the Complaint or the action pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court may dismiss an action for failure to comply with any order of the court), *cert. denied,* 506 U.S. 915 (1992). Plaintiff is warned that failure to strictly adhere to the

provisions of this or any other Court Order will result in dismissal of Plaintiff's Complaint pursuant to Rule 41.

**IT IS ORDERED** directing Plaintiff to file with the Clerk of the Court and serve on opposing counsel a responsive memorandum to Defendants' Motion for Summary Judgment no later than May 26, 2015.

Dated this 28th day of April, 2015.

_____
Susan R. Bolton
United States District Judge