**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Michael Lenoir Smith,<br><br>            Plaintiff,<br><br>v.<br><br>Arnold Schwarzenegger, et al.,<br><br>            Defendants. | No. 07-cv-1547 SRB (PC)<br><br>**ORDER** |

The Court now considers Defendants' Motion for Summary Judgment ("Defs.' MSJ") (Doc. 149).

**I.  BACKGROUND**

This lawsuit stems from events occurring when Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, which is located in San Joaquin Valley, an endemic area for valley fever. (*See* Doc. 149-4, Defs.' Separate Statement of Undisputed Facts in Supp. of MSJ ("DSOF") ¶¶ 1-2.)[1] From March 2006 to October 2008, Plaintiff was assigned to PVSP. (DSOF ¶¶ 1-2; Doc. 179, Pl.'s Decl. in Opp'n to Defs.' MSJ ("PSOF") ¶ 1.)[2] Plaintiff alleges that he was not infected with coccidioidomycosis ("valley fever") prior to his transfer to PVSP. (PSOF ¶ 2.) On August

---

[1] Plaintiff's assigned place of incarceration is at Corcoran State Prison in Corcoran, California. (Doc. 94, Notice of Change of Address.)

[2] Pages 1-4 of Plaintiff's Opposition to Defendants' Motion for Summary Judgment are Plaintiff's Statement of Facts and will be cited to by paragraph instead of page numbers.

3, 2006, the California Department of Corrections issued a memorandum addressing the increased rates of valley fever infections in the endemic area. (DSOF ¶ 20.) The memorandum required that inmates with certain medical conditions be transferred, that inmates and staff be educated about valley fever, and that prison officials consider and implement protective measures. (DSOF ¶ 20.)

On October 27, 2007, Plaintiff submitted an administrative grievance specifying his concerns about contracting valley fever. (DSOF ¶ 12; PSOF 5.) Plaintiff's grievance was denied and he submitted it to the second level of review. (DSOF ¶ 13; PSOF ¶ 6.) Plaintiff's grievance was not reviewed at the third level. (DSOF ¶ 14; PSOF ¶ 7.) Plaintiff alleges that while he mailed the grievance for a third level review, it was not processed because Defendant Martinez did not reply at the second level. (PSOF ¶ 7.) During this time, Plaintiff suffered flu-like symptoms. (DSOF ¶ 9; PSOF 11.) In 2012, Plaintiff was informed that he had been infected with valley fever though a blood analysis revealed this in 2011. (DSOF ¶ 7; PSOF ¶ 6.) Plaintiff has never been treated for valley fever. (DSOF ¶ 8; PSOF 17.) Defendants argue, among other things, that Plaintiff has failed to exhaust his administrative remedies before bringing this action and that Defendants are entitled to qualified immunity. (MSJ at 1-2.)

## II.   LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 56, summary judgment is properly granted when: (1) there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, the court

must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material, and "all inferences are to be drawn in the light most favorable to the non-moving party." *Eisenberg*, 815 F.2d at 1289; *see also Celotex*, 477 U.S. at 324. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

### A. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff's case must be dismissed because the Prisoner Litigation Reform Act of 1995 ("PLRA") prohibits inmates from bringing 42 U.S.C. § 1983 actions until they have exhausted all available administrative remedies. (Defs.' MSJ at 4.) Defendants specifically argue that Plaintiff did not file an official grievance form until after he filed his Complaint. (*Id.* at 5.) Plaintiff argues that he submitted a grievance form but could not complete the administrative review process because Defendant Martinez screened out his complaint at the second level of the appeal process. (Doc. 179, Pl.'s Resp. to MSJ ("Resp.") at 2-3.) Plaintiff also argues that because his Fourth Amended Complaint was filed after his claim was effectively exhausted, his claim is timely. (*Id.* at 3.)

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodfood v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). Accordingly, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in

federal court." *Woodford*, 548 U.S. at 88. Exhaustion is mandatory under the revised PLRA, not left to the district court's discretion. *Id.* at 84. The exhaustion requirement applies to all claims related to prison life that do not implicate the duration of the prisoner's sentence. *See, e.g.*, *Porter v. Nussle*, 534 U.S. 516, 524-32 (2002); *Roles v. Maddox*, 439 F.3d 1016, 1018 (9th Cir. 2006). Failure to exhaust is an affirmative defense that defendants must raise and prove. *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007) (explaining that inmates are not required to plead specifically or demonstrate exhaustion in their complaints). If the court concludes that administrative remedies have not been exhausted, the proper remedy is dismissal of the claim without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

Under California law, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs., tit. 15 § 3084.1(a) (2007). Sections 3084.1 through 3084.7 of Title 15 of the California Code of Regulations lay out the administrative procedures prisoners must follow. Four levels of appeal are involved, the informal level followed by three formal review levels. *Id.* § 3084.5. The process is initiated by submitting a California Department of Corrections Form 602. *Id.* § 3084.2(a). An inmate must submit an appeal within fifteen days of the event or decision being grieved, using the required form and "describ[ing] the problem or action requested." *Id.* §§ 3084.2(a), (a)(1), (b), 3084.6(c). The administrative remedy is exhausted after completion of the third level. *Id.* § 3084.1(a).

Defendants have presented evidence, which Plaintiff does not contravene, demonstrating that Plaintiff's first Form 602 submission was on October 29, 2007. (Doc. 149-3, Decl. of J. Morgan in Supp. of MSJ ("Morgan Decl."), Ex. A at 8.) Plaintiff initiated this lawsuit on September 7, 2007. (*See* Doc. 1, Compl.) Plaintiff argues that his claim was exhausted by the time his Fourth Amended Complaint was filed because after his second level appeal, he was informed that he could not appeal because he had not yet

contracted Valley Fever and, therefore, he was effectively denied exhaustion of administrative remedies on March 11, 2008. (Resp. at 3, 8.) Defendants respond by stating that a "screen prior to the third level" does not effectively exhaust Plaintiff's claim. (Doc. 183, Reply in Supp. of MSJ ("Reply") at 7.) "[I]mproper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). To fall within this exception, an inmate must establish "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24.

There is no dispute that Plaintiff's valley fever complaint did not reach a third level review. No party disputes that if pursued through all levels, Plaintiff's complaint would have exhausted administrative remedies. Considering the second prong, it appears that Plaintiff argues that Defendant Martinez's conclusion that he was "appealing an action or decision that has not yet occurred" and that he could not "appeal on an anticipated action" reasonably led him to believe that further appeal was effectively unavailable. (*See* Morgan Decl., Ex. B at 18; Resp. at 3.) Defendants make no mention of whether Martinez's screen was proper other than to say that Plaintiff still could have appealed. (Reply at 6-7.) The Ninth Circuit has found that when a Plaintiff makes a showing that administrative remedies were unavailable because of Defendant's failure to permit an appeal, summary judgment for Defendant on the issue of exhaustion is improper. *See William v. Paramo*, 775 F.3d 1182, 1192 (9th Cir. 2015) (concluding that "if prison officials inform prisoner that he cannot file a grievance" the prisoner has met their burden of production). Viewing facts in the light most favorable to Plaintiff, the Court cannot conclude that there is no genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies prior to filing suit.

### B. Qualified Immunity

Defendants argue that they did not violate the Eighth Amendment because they were not deliberately indifferent to the risk that Plaintiff could contract valley fever. (Defs.' MSJ at 8-16.) Alternatively, Defendants argue that any constitutional violation was not clearly established at the time of the alleged misconduct and, therefore, they are entitled to qualified immunity. (*Id.* at 16-25.) "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified immunity analysis proceeds in two steps. A court must determine "whether [(1)]'the officer's conduct violated a constitutional right' and whether [(2)]'the right was clearly established' at the time of the alleged misconduct," such that a reasonable officer would have known that he or she was acting unlawfully. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If the answer to both inquiries is yes, then the officer is not entitled to qualified immunity. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007). If either answer is no, then the officer is entitled to qualified immunity. *See Hopkins v. Bonvicino*, 573 F.3d 752, 762 (9th Cir. 2009).

Plaintiff argues that when prison officials disregard a risk that a prisoner is likely to develop an infectious disease, this conduct constitutes a violation the prisoner's Eighth Amendment rights. (Resp. at 10 (citing *Hill v. Marshall*, 962 F.2d 1209, 1213-14 (6th Cir. 1992) (concluding that the plaintiff had provided sufficient evidence demonstrating that the defendants violated his Eighth Amendment rights by, among other things, failing to reduce his risk of developing tuberculosis)).) Even assuming that Defendants violated Plaintiff's Eighth Amendment right, the Court cannot conclude that the right at issue was clearly established at the time. *See Jackson v. Brown*, No. 1:13-cv-01055-LJO-SAB,

2015 WL 5732826, at *5 (E.D. Cal. Sept. 28, 2015) (noting the disagreement among judges in the district about whether and under what circumstances inmates housed in prisons in the endemic area may state an Eighth Amendment claim for being exposed to valley fever spores); *Jones v. Hartley*, 2015 WL 1276708 *4 (E.D. Cal. Mar. 19, 2015) (noting that "no courts have found exposure to Valley Fever spores at the level experienced by the community at large presents an 'excessive risk' to inmate health.").

Plaintiff was assigned to PVSP in March 2006 and was transferred to another prison in October 2008. (DSOF ¶ 2.) On August 3, 2006, the California Department of Corrections created and disseminated polices addressing the risk of valley fever to the endemic area, which included PVSP. (Doc. 149-1, Decl. of Def. Yates in Supp. of MSJ ("Yates Decl."), Ex. A at 10.) The California Department of Corrections' policy identified six categories of patients who could not be housed in the endemic area and had to be transferred within 12 days. (*Id.* at 11.) The listed categories did not include race or tuberculosis. (*Id.*) Defendants argue that they acted in accordance with the knowledge at the time and that their behavior cannot be deemed to be "deliberately indifferent" to the risk to the Plaintiff. (MSJ at 12-13.) Defendants provided an affidavit stating that they tried to decrease every prisoner's exposure to valley fever within budget constraints. (*Id.*) Plaintiff argues that Defendant Yates' decision to pursue soil stabilization instead of ground cover to limit the exposure to valley fever show that his failure to do so was in deliberate indifference to his rights. (Resp. at 15-16.) Plaintiff argues that choosing the less costly option put a price on the 5,000 inmates that were housed at PVSP. (*Id.* at 15.) Plaintiff also argues that the California Department of Corrections' decision to not incorporate race into its clinical criteria shows a deliberate indifference to the risk of an African American contracting valley fever. (*Id.* at 12-14.) Even if Plaintiff's argument was viable against the California Department of Corrections, it has no bearing on Defendants' defense that it was following the policy the California Department of Corrections, its superior, implemented. Defendants acted in accordance with the

California Department of Corrections policy at the time and attempted to mitigate the risk to inmates and employees. (*See* Yates Decl. ¶¶ 6-7, 11, Ex. A at 11 (requiring the transportation of inmates with certain medical conditions); Yates Decl. ¶¶ 37, 49-40, Ex. A at 13 (noting that Defendant Yates considered ground cover, and after consultation with an expert that stated "PVSP is made up of hardpan soil, [and valley fever] spores are unlikely to be released unless the soil is disturbed by digging or farming," and decided that the digging required to plant vegetation was unfeasible).) The policy did not include a racial exclusion. (*See id.* Ex. A at 11.). Based on this evidence, Defendants did not have "fair and clear warning" that their exclusion of race from the clinical criteria or a failure to pursue ground cover was unlawful. *See Jackson*, 2015 WL 5732826, at *5 n.5, 6 (comparing cases where judges found exclusion of a "race factor" or certain health risks insufficient to proceed on an Eighth Amendment claim with those which allowed the case to proceed). The Court concludes that Defendants are entitled to qualified immunity because Plaintiff has not demonstrated that Defendants violated a clearly established constitutional right.

### III.   CONCLUSION

Because the Court concludes that Defendants did not violate a clearly established constitutional right, Defendants are entitled to qualified immunity. The Court grants Defendants' Motion for Summary Judgment.

**IT IS ORDERED** granting Defendants' Motion for Summary Judgment (Doc. 149).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Summary Judgment (Doc. 155).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion of Disposition of Mailed Objection/Opposition to Defendants' Motion for Summary Judgment a and Reply to Defendants' Objection and Opposition to Plaintiff's Correspondence and Motion to Return Documents (Doc. 175).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion of Disposition of Mailed Objection/Opposition to Defendants' Motion for Summary Judgment and Reply to Defendants' Objection and Opposition to Plaintiff's Correspondence and Motion to Return Documents (Doc. 182).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Second Motion and Request for Court Appointed Expert (Doc. 185).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment in favor of Defendants.

Dated this 25th day of February, 2016.

_____
Susan R. Bolton
United States District Judge